# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE FACTOR VIII OR IX ) | MDL 986 | |
| CONCENTRATE BLOOD PRODUCTS ) | | |
| LIABILITY LITIGATION ) | 93 C 7452 | |
| ) | | |
| ----------------------------------- | | |
| ) | | |
| Da'GAN PENG, et al., ) | | |
| ) | This document relates to: | |
| Plaintiffs, ) | | |
| ) | 1:04 CV 4868 | |
| v. ) | | |
| ) | | |
| BAYER CORPORATION, et al., ) | | |
| ) | | |
| Defendants. ) | | |

### **MEMORANDUM OPINION**

The court has under advisement the motion of the defendants to dismiss the claims of each of the seven plaintiffs with prejudice because of their continued failure to comply with discovery orders. Counsel for plaintiffs has requested a telephonic hearing on the motion, but a hearing will not be necessary. Defendants' Memorandum in Support of the motions, together with plaintiffs' written response, provide the court all the information it needs in order to rule on the motion.

The case was transferred to this district as part of MDL-986, Second Generation, on September 13, 2004. Plaintiffs were to provide Preliminary Patient Profile Forms and responses to other

discovery by October 13, 2004. Defendants made repeated attempts to obtain the information from plaintiffs for over a year, without success. They filed a motion to compel on October 5, 2005, but still no responses were forthcoming. Finally, on June 6, 2006 we granted the motion to compel and entered an order giving plaintiffs until July 31, 2006 to furnish the required discovery. In that order (Ex. 1 to Defendants' Motion to Dismiss) we stated:

> [N]o extension of the July 31, 2006 date will be granted. If any plaintiff fails to comply with this order, the court will entertain a motion for appropriate sanctions pursuant to Rule 37(b)(2), Federal Rules of Civil Procedure.

Only one of the plaintiffs, Da'Gan Peng, has provided a Patient Profile Form. His original form was furnished to defendants on August 3, 2006 (only a few days late), but the form did not contain all of the requested information and provided the wrong date for his HIV test. The error in the date was apparently caused by a misunderstanding, and a new form was provided to defendants on October 26, 2006, showing what plaintiff asserts to be the correct date. As for the other discovery (in addition to the profile form), plaintiffs' response to the motion to dismiss does not indicate that it has been furnished.

As for the other six plaintiffs, they have still furnished nothing. The explanation provided by their United States counsel is the same one defendants and the court have been given all along: the plaintiffs live in rural areas of Taiwan and are difficult for

Taiwan co-counsel to reach, and communication between United States counsel and Taiwan counsel has been difficult and sporadic. Plaintiffs' United States counsel requests that if the motion to dismiss is granted, it be granted without prejudice.

## Discussion

The prospect of dismissing these claims with prejudice is distasteful. The court is always reluctant to dismiss a case as a sanction and rarely does so. Here, the extremely serious nature of the alleged injuries makes the situation especially difficult. On the other hand, there has to be a limit to the court's indulgence if litigation is to be conducted with any semblance of efficiency. Indeed, these cases were transferred to this court for the very purpose of achieving the efficiency contemplated by the multidistrict litigation statute, 28 U.S.C. § 1407. Consideration can and should be given to exceptional circumstances, such as the distance of these plaintiffs from the transferee forum and the difficulty of communicating with them. But we have made more than due allowance for those factors, and, with the exception of the plaintiff Da'Gan Peng, it has done no good. We are inclined to suspect that the other six plaintiffs are simply not interested in proceeding with their claims. But whatever the explanation for their failure to comply with the court's orders, the time has come to terminate the case as to these six plaintiffs. We gave fair warning in the order of June 5, 2006, and it would undercut the

credibility of the court with the other parties to this multidistrict litigation if we were to back down from our assurance that "no extension of the July 31, 2006 date will be granted," especially when no reasonable basis is suggested for any further extension. Among the sanctions authorized by Federal Rule of Civil Procedure 37(b)(2)(C) is an order dismissing the action. We believe that under the circumstances the only effective sanction will be a dismissal with prejudice. See Newman v. Metropolitan Pier & Exposition Auth., 962 F.2d 589, 591-92 (7th Cir. 1992) (concluding that the sanction of dismissal is appropriate where a pattern of noncompliance with discovery orders emerges).

We will deny the defendants' motion as to the plaintiff Da'Gan Peng, because he has at least made an effort to comply with the discovery orders and has provided a useful, if not wholly sufficient, patient profile form. Any remaining deficiencies in his discovery responses should be cured no later than December 29, 2006, failing which the court will entertain a further motion by the defendants to impose the sanction of dismissal with prejudice.

The motion of the defendants to dismiss as a sanction for plaintiffs' failure to comply with this court's orders compelling discovery and failure to respond to discovery requests will be denied as to the plaintiff Da'Gan Peng, but will be granted as to each of the other six plaintiffs.

DATED:     October 27, 2006

ENTER:     _____
           United States District Judge