**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE FACTOR VIII OR IX | ) | MDL 986 |
| CONCENTRATE BLOOD PRODUCTS | ) | 93 C 7452 |
| LIABILITY LITIGATION | ) | |
| | ) | |
| | ) | This document relates to: |
| | ) | <u>Chang, et al. v. Bayer Corp., et al.</u>, |
| | ) | 04 C 4869 |
| | ) | <u>Peng, et al. v. Bayer Corp., et al.</u>, |
| | ) | 04 C 4868 |
| | ) | <u>Ho, et al. v. Bayer Corp., et al.</u>, |
| | ) | 06 C 7012 |
| | ) | |
| | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>
*(Ruling on Defendants' Renewed Taiwan Forum Non Conveniens Motion)*

Earlier this year the court dismissed the tort claims of the Taiwanese residents in this multidistrict litigation[1] on the ground that they were barred by limitations.    <u>In re Factor VIII or IX Concentrate Blood Prods. Liab. Litig.</u>, No. 93 C 7452, 2009 WL 804018 (N.D. Ill. Mar. 26, 2009).    The plaintiffs have appealed that decision, and the Court of Appeals has stayed the appeal pending this court's decision on the Defendants' Renewed Motion to Dismiss Plaintiffs from Taiwan on Grounds of *Forum Non Conveniens*. That motion is the subject of this opinion.

---

[1] For the history of the litigation, see <u>In re Factor VIII or IX Concentrate Blood Products Liability Litigation</u>, 408 F. Supp. 2d 569, 570-73 (N.D. Ill. 2006), <u>aff'd</u> <u>In re Factor VIII or IX Concentrate Blood Products Litigation</u>, 484 F.3d 951 (7th Cir. 2007).

The tort claims we dismissed as barred by limitations were plaintiffs' negligence claims and their claims that defendants fraudulently induced them to settle the negligence claims. We held that these tort claims are barred by the limitations laws of both Taiwan and California.

Plaintiffs have a remaining claim for breach of contract that is not barred by limitations. This is the claim that defendants address in their renewed *forum non conveniens* motion. The claim is that, as part of the 1998 settlement agreement, the defendants agreed to pay each plaintiff the sum of $60,000 plus whatever sums might be required to make their total payments equal to those received by other persons who settled their claims with the defendants. The parties refer to this provision for the additional payments as the "scale-up" provision of the settlement agreement. Plaintiffs claim that the defendants have breached this scale-up provision by refusing to pay them additional monies necessary to make their payments equal to those received by other claimants.

The parties disagree about the meaning of the scale-up provision. Plaintiffs allege that the other "claimants" whose payments are to be compared to theirs are any claimants with whom the defendants have settled, anywhere in the world. Defendants say the provision refers only to other Taiwanese claimants with whom they might settle. Some court will have to decide this dispute,

and the choice of that forum is the subject of the defendants' present motion.

## **DISCUSSION**

Defendants contend, for several reasons, that Taiwan is a more convenient forum than either of the transferor courts in California. We will address their arguments in due course, but first we will deal with a threshold question raised by the plaintiffs. They contend that we have already denied the defendants' *forum non conveniens* motion and that the present "renewed" motion is an inappropriate request for reconsideration. (Taiwanese Pls.' Opp'n to Defs.' Renewed Mot. to Dismiss Pls. from Taiwan on Grounds of *Forum Non Conveniens* at 8-9.) Plaintiffs misapprehend the nature of our denial of defendants' initial *forum non conveniens* motion, In re Factor VIII or IX Concentrate Blood Products Liability Litigation, 595 F. Supp. 2d 855 (N.D. Ill. 2009) (hereinafter referred to as Chang). It is true that we denied the motion, but not on the merits. As far as the merits were concerned, we indicated that they weighed in favor of the defendants and that, "were it not for a practical consideration we [would] discuss in the next section of [the] opinion, we would grant the motion to dismiss." Id. at 874. The "practical consideration" was that the threshold question in the case was limitations, and, were the case to be refiled in Taiwan, the Taiwanese court would give priority to the limitations question,

applying the same law that would be applied by the California courts.  Therefore, we stated,

> We believe it would be pointless, and that it would
> impose a needless expense upon the plaintiffs, for us to
> grant the motion to dismiss, forcing them to refile in
> Taiwan.  The cases should remain in California, where
> defendants can present the same motion they would present
> in Taiwan.  Should the California courts, or either of
> them, decide that the claims are not time-barred, the
> California court could then consider whether a *forum non
> conveniens* dismissal would be appropriate.  <u>Our denial of
> defendants' motion at this time is, of course, without
> prejudice to their renewing it in California should it
> become appropriate to do so.</u>

<u>Id.</u> (emphasis added).

Thereafter, instead of agreeing to a suggestion of remand to the transferor courts in California, the parties agreed that we should decide the limitations motion.  We then dismissed the tort claims on limitations grounds, and defendants filed their renewed *forum non conveniens* motion.  The motion is clearly appropriate. We turn, then, to the parties' arguments regarding the merits of the renewed motion.  Much of what we will say incorporates the analysis we made in <u>Chang</u>.

### Plaintiff Chen-Chen Huang

The plaintiff Chen-Chen Huang is different from the other plaintiffs in that she was not a party to the settlement agreement. She asserts only the same negligence claim that we dismissed in <u>Chang</u>.  Our conclusion that the negligence claim is more conveniently litigated in Taiwan than California, for the reasons asserted in <u>Chang</u>, 595 F. Supp. 2d at 873, remains unchanged.  We

will therefore grant the motion of the defendants to dismiss the negligence claim of Chen-Chen Huang on the ground of *forum non conveniens*.

### The Remaining Plaintiffs Who Assert Only Contract Claims

The defendants assert three grounds in support of their motion to dismiss the contract claims.

### Relative Ease of Access to Sources of Proof and Compulsory Process for Witnesses

This is a "private interest factor" that, in <u>Chang</u>, 595 F. Supp. 2d at 869, we found to favor dismissal of the tort claims. As we noted,

> If the defendants could demonstrate that they are significantly limited in the discovery they can obtain in Taiwan in aid of cases pending in the United States, and that their ability to obtain necessary discovery would be substantially greater if it were sought in connection with a case pending in Taiwan, that would be a private interest factor in favor of dismissal.

<u>Id.</u> The defendants now argue that the same discovery problems that we found to exist in regard to the tort claims also exist in regard to the contract claims. They maintain that the contract case will hinge on the proper interpretation of the scale-up language and that practically all of the witnesses with knowledge of the 1998 settlement negotiations are residents of Taiwan, not subject to compulsory process for either discovery depositions or trial in California. We agree with defendants. There is, of course, less evidence to collect and present than there was when the case included the tort claims, but the convenience question

remains essentially the same.  We note, as we did in <u>Chang</u>, that

discovery in aid of foreign litigation is a limited and cumbersome

process in Taiwan, made more so by the fact that Taiwan is not a

party to the Hague Convention.

The parties implicitly agree that, if parol evidence is

required to interpret the scale-up provision, such evidence will be

admissible in Taiwan.  We will assume, therefore, that the parol

evidence described by the parties would be admissible in Taiwan.

The scale-up provision reads as follows:

> After having paid monetary compensations to some
> Claimants, if Manufacturer decides to raise the
> compensation amount of Paragraph 1 of this agreement or
> provide additional benefits in order to reach settlement
> with other Claimants regarding Infection Incident, it
> shall also provide the same additional amount or
> additional benefits to Claimants who have already been
> paid.

(Taiwan Pls.' Opp'n, Ex. 44, ¶ 9.)  The disagreement between the

parties is over the meaning of the word "Claimants."  As we noted

<u>supra</u>, the plaintiffs say it means <u>any</u> claimants anywhere in the

world.  The defendants interpret it to mean only those claimants

who are parties to the Taiwan settlement agreement.

The defendants point out that the foregoing quotation of the

scale-up provision is a translation from the Chinese language in

which the agreement was written, and this makes it more necessary

to hear from the Chinese-language negotiators as to what they

intended.  Defendants argue that plaintiffs "have not identified a

single relevant witness in California subject to the subpoena power

of a California court." (Defs.' Reply at 4.)  Another argument the defendants make is that settlements in other countries, including the $100,000 First Generation settlements in this MDL, had already been made at the time of the 1998 Taiwan negotiations.  In view of this, defendants argue that the scale-up language, "if Manufacturer decides to raise the compensation amount of Paragraph 1...," does not fit.  (Id. at 3.)

The plaintiffs have three arguments as to why the scale-up provision can be conveniently litigated in California.  First, they argue that the agreement is unambiguous on its face and no parol evidence is required.  (Taiwan Pls.' Opp'n at 12.)  In their view, all the California courts have to do is apply the plain meaning of the contract, which requires that plaintiffs be paid as much as any other claimant anywhere.  (Id.)

Alternatively, assuming that parol evidence is required, "voluminous evidence can be found in the United States to show that defendants later favored United States claimants by paying them substantially more for their infection incidents."  Moreover, the plaintiffs "would likely be required to file motions in various U.S. courts to unseal these documents," raising concerns "as to whether this evidence would admissible in Taiwanese courts."  (Id. at 12-13.)

These arguments are farfetched.  The fact of the higher payments is undisputed, and the defendants can easily be required

to provide discovery as to their number and amounts.[2]  There is nothing "confidential" about the statistical facts, but only about the identities of the recipients, which have been protected throughout this litigation with no resulting problems.  The situs of defendants' payment records is totally immaterial to any *forum non conveniens* question, as the relevant payment information can easily be produced regardless of where these cases are pending.

As far as the need for parol evidence is concerned, we think the word "Claimants" in the scale-up agreement could well be found to be ambiguous.  Aside from any problems resulting from the fact that two languages were being used in the negotiations, plaintiffs assert that "[a]ccording to defendants' internal documents produced in discovery, the amount of the humanitarian aid provided was 'to refer to the compensation amount in other countries,' and Taiwan hemophiliacs were not to be treated 'differently in terms of compensation.'" (Taiwan Pls.' Opp'n at 7.)  (In their reply, the defendants comment neither on this assertion nor on plaintiffs' Exhibit 37, which appears to be an English translation of a news article from a Chinese news source.  Our own reading of Exhibit 37 leaves us in doubt as to whether it represents any admission by either defendant.)

We agree with the plaintiffs that if the scale-up language required no interpretation, California courts could apply the provision as well as the Taiwanese courts.  However, the parties

---

[2] Defendants concede as much.  Defs.' Reply at 4 n.2.

have raised sufficient doubt about the scope of the provision to cause us to conclude that parol evidence is likely to be admissible. And it is quite clear that the bulk of the parol evidence is in Taiwan, where it cannot be easily accessed from California. We find, therefore, that this private interest factor of ease of access to evidence and compulsory process of witnesses strongly favors the defendants' motion to dismiss.[3]

## Translation Costs

In our Chang decision, 595 F. Supp. 2d at 872, we held that the substantial translation cost the plaintiffs would have to incur in Taiwan was a private interest factor weighing against the defendants' motion to dismiss. That was because the plaintiffs' tort claims would have required translating a great amount of English-language liability evidence into Chinese for use in Taiwan. This consideration no longer applies, however, because we are no longer dealing with the tort claims. As we have already indicated, much of the evidence on this contract issue is in Chinese; very little of it is in English. Translation costs, therefore, are simply not a factor weighing against dismissal.

Unwilling to concede the point, however, the plaintiffs argue that litigation of the contract claim in Taiwan "would require translation of all the evidence located in the United States into Mandarin Chinese, a costly and time-consuming process, as

---

[3] In the event the Taiwanese court determines that the agreement is in fact subject to a plain interpretation, there is nothing that would prevent the court from giving effect to that interpretation.

plaintiffs' earlier briefings have explained." (Pls.' Opp'n at 13.) This argument falls of its own weight.

### The Local Interest and Resolution of the Contract Claim

In <u>Chang</u>, we held that Taiwan has a greater interest than the state of California in resolution of plaintiffs' tort claims, and that this was a public interest factor favoring dismissal. 595 F. Supp.2d at 872. We believe that the balance tilts even more heavily in favor of Taiwan in regard to the contract claim. We see no interest that the people of California would have in whether these Taiwanese citizens receive increased payments from the defendants, whereas Taiwan certainly has an interest in the welfare of its own citizens and the integrity of the contract negotiations that were conducted with the defendants by officials of the Taiwanese Department of Health.

Plaintiffs argue that "[t]he United States has more interest in deciding the contract claims than Taiwan" and provide a list of defendants' misdeeds in regard to the distribution of their concentrates in Asia and Taiwan. (Pls.' Opp'n at 13-15.) But the issue is not which forum has a greater interest in the now-dismissed tort claims, but, rather, a greater interest in the contract claim. Our conclusion is that Taiwan has a significant interest and that California has little or none.[4]

---

[4] The Seventh Circuit has recently commented on the sometimes difficult effort of the courts to find a superior "interest" of one country or another, <u>Abad v. Bayer Corp., et al.</u>, 563 F.3d 663, 668 (7th Cir. 2009). The comment will provide welcome guidance to district judges who have to deal with the question.

**Additional Argument by the Plaintiffs**

We will now discuss an additional point raised by the plaintiffs beyond what the defendants have argued in support of their motion to dismiss.

**Adequacy of Taiwan as a Forum**

We indicated in <u>Chang</u> as part of our *forum non conveniens* analysis of the tort claims that the claims appeared to be time-barred both in Taiwan and California. This meant that "Taiwan and California are on a par as far as adequacy –– or inadequacy –– is concerned." 595 F. Supp.2d at 866. In their opposition to defendants' present motion to dismiss their contract claim, plaintiffs argue that this holding in <u>Chang</u> somehow applies to the scale-up claims, making Taiwan an inadequate forum to litigate those claims. (Pls.' Opp'n at 11.) Plaintiffs' short presentation on this point concludes with the assurance that "[d]efendants' motion presents nothing new on this point."

Our limitations ruling in regard to plaintiffs' tort claims has nothing to do with the contract claims, which are not barred by limitations in Taiwan.

**CONCLUSION**

The relevant factors weigh in favor of dismissal. Taiwan is clearly the forum that provides substantially better access to evidence and compulsory process for witnesses, and the defendants

---

In this case, the superior interest of Taiwan seems clear.

would be severely hampered in that regard should the cases remain in California.  Taiwan has a significantly greater interest in the litigation than does California.  Cost of translation is not a problem.  Litigation in Taiwan will cause little or no inconvenience to the plaintiffs, who would, after all, be litigating in their home forum rather than at a long distance in California.

The defendants' renewed motion to dismiss the Taiwan plaintiffs on grounds of *forum non conveniens* is allowed.

The parties may prepare and submit to the court by July 28, 2009 a proposed judgment order, similar to the other *forum non conveniens* judgment orders we have entered in this litigation, containing the usual protective provisions, and providing for (1) the dismissal of the claim of the plaintiff Chen-Chen Huang, with prejudice, as time-barred, and (2) the dismissal of the contract claims of the remaining plaintiffs on the ground of *forum non conveniens*, without prejudice to refiling in Taiwan.


DATED:      July 14, 2009



ENTER:      _____
            United States District Judge